IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ZACHERY LEE ANDERSON,

Plaintiff,

v.

TIFFANY DAVIDSON and JOHN DOE COURT STAFF 1-5,

Defendants.

Case No.: 3:26-cv-00292-AN

OPINION AND ORDER

Plaintiff Zachery Lee Anderson, who is self-represented and thus proceeding pro se, filed a civil rights complaint; an application to procced without paying filings fees, (i.e., in forma pauperis or "IFP"); and a motion for a temporary restraining order ("TRO") and preliminary injunction (the "motion for TRO"). For the reasons stated below, the Court grants plaintiff's IFP application, finds that the complaint does not state a claim on which relief may be granted, and denies plaintiff's motion for TRO with leave to renew. The complaint is therefore dismissed with leave to amend, pursuant to 28 U.S.C. § 1915(e). If plaintiff wishes to file an amended complaint correcting the deficiencies identified by this Order, he must do so by March 13, 2026. Plaintiff may also choose to renew his motion for TRO or file a new motion for TRO alongside any amended complaint.

## LEGAL STANDARDS

### A. In Forma Pauperis

District courts are authorized by statute to permit a party to commence litigation "without prepayment of fees or security therefor" if that party submits an affidavit showing that, in light of the assets of that party, they are "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Section 1915 "applies to all persons notwithstanding" its references to incarcerated litigants. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 n.1 (9th Cir. 2007) (citing *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th

Cir. 2005)). When determining what, if any, filing fee a plaintiff must pay, "'the court may consider the plaintiff's cash flow in the recent past, and the extent to which the plaintiff has depleted his savings on nonessentials.'" *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 768 (9th Cir. 2023) (quoting *Alexander v. Carson Adult High Sch.*, 9 F.3d 1448, 1449 (9th Cir. 1993)).

In addition to permitting litigants to proceed without paying filing fees, Section 1915 also requires a court to dismiss a complaint on its own accord, even before service of process, if it determines that the complaint is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). A complaint is frivolous "where it lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), meaning it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). When this standard is not met, "section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez*, 203 F.3d at 1127. Additionally, a court must dismiss a complaint on immunity grounds once it has "sufficient information to make a determination" that defendants are entitled to absolute or qualified immunity. *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016).

**B. Pro Se Pleadings**

In determining whether a pro se complaint lacks merit, courts must use "less stringent standards than" those used for "formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Further, "[u]nless it is absolutely clear that no amendment can cure the defect," an unrepresented litigant proceeding IFP is "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of*

*Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

**C. Temporary Restraining Orders**

TROs are subject to substantially the same factors as preliminary injunctions. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Generally, a party seeking a TRO must show (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the favor of the party; and (4) an injunction is in the public interest. *Id.* at 20-22. In the Ninth Circuit, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

Federal Rule of Civil Procedure 65 provides that a court "may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). A court may issue an ex parte TRO without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly shows that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The issuance of ex parte TROs is "extremely limited" because "'our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'" *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438-39 (1974)). Courts have recognized that issuance of an ex parte TRO may be appropriate in limited circumstances "where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing" or "because notice to the defendant would render fruitless the further prosecution of the action." *Id.* (internal quotation marks and citation omitted).

A TRO issued without notice to the opposing party may not exceed fourteen days and may be extended by the issuing court one time for an additional fourteen days if good cause is shown. Fed. R. Civ. P. 65(b)(2). If the parties do not consent to an extension, then the court must schedule a preliminary injunction hearing that occurs within twenty-eight days after the date that the TRO is first issued. *Id.*

## BACKGROUND

On February 13, 2026, plaintiff Zachary Lee Anderson filed a civil rights complaint against defendants Tiffany Davidson and John Doe Court Staff 1-5. Compl., ECF 1. Plaintiff additionally filed an IFP application, ECF 2, and a motion for TRO, ECF 3. The motion for TRO is supported by plaintiff's declaration, ECF 4. Plaintiff primarily alleges that defendants violated his due process rights by depriving him of his fundamental right to familial association. Compl. 1, 9-10. More specifically, he alleges that defendants interfered with his ability to interact with his two minor children. *Id.* at 1.

Plaintiff's allegations appear to stem from Washington County Circuit Court Case No. 25DR00133, a state court case in which Davidson, the lone named individual defendant in this case, acted "in a court-appointed 'best interest' role." *Id.* at 2. Plaintiff alleges the following: On December 8, 2025, Davidson misrepresented to the circuit court at a hearing that plaintiff had "failed to enroll the children in public school and failed to maintain medical compliance." *Id.* at 3. On February 2, 2026, "Davidson initiated administrative communications with court staff regarding judgment processing and signature," and the "[c]ourt staff processed the proposed judgment the same day." *Id.* Sometime shortly thereafter, Davidson "initiated or participated in an ex parte request asserting 'immediate danger'" that was noticed for February 9. *Id.* at 4. At that proceeding, Davidson "invoke[d] emergency procedures" despite having made an "incomplete review of relevant materials." *Id.* at 4. Davidson also "selectively disclosed information adverse to Plaintiff" and "omitted material child-safety information." *Id.* at 5. These actions caused plaintiff to experience "loss of familial association, procedural deprivation, and ongoing exposure to repeated emergency mechanisms." *Id.* at 8-9. Based on these allegations, plaintiff brings claims for (1) violation of procedural due process; (2) violation of substantive due process; (3) civil conspiracy; (4) pattern, practice, or custom; and (5) deliberate indifference to child safety. *Id.* at 10-11. He seeks

declaratory and injunctive relief, as well as compensatory and punitive damages, and attorney's fees and costs. *Id.* at 11-12.

The motion for TRO motion relies heavily on the complaint. First, regarding likelihood of success on the merits, plaintiff writes that he "plausibly pleaded violations of procedural due process and familial association rights" in his complaint. TRO Mot. 2. Second, regarding irreparable harm, he writes that he "faces a real and immediate risk of continued constitutional injury" absent immediate injunctive relief, including "[l]oss of parenting time, interference with familial relationships, and exposure to repeated emergency or ex parte actions without due process." *Id.* at 2-3. Third, regarding the balance of equities, plaintiff writes that he "seeks only to preserve the status quo" and that defendants will "suffer no cognizable prejudice" from the requested relief. *Id.* at 3. Lastly, regarding the public interest, he writes that "[t]he public interest strongly favors protection of constitutional rights, integrity of court proceedings, and prevention of non-judicial procedural shortcuts that undermine due process and child welfare." *Id.* As relief, he asks the Court to "enjoin Defendants from invoking emergency or ex parte procedures affecting Plaintiff or the minor children absent evidentiary completeness and disclosure of material temporal facts"; to "[p]rohibit non-judicial administrative routing, queue manipulation, or expedited processing of filings"; to "[o]rder Defendants to preserve all documents . . . relevant to this action"; and to "[m]aintain the status quo." *Id.* at 3-4.

## DISCUSSION

### A. IFP Application

Plaintiff has satisfied the economic eligibility requirements of 28 U.S.C. § 1915, *see* Appl. to Proceed IFP, and his IFP application is granted accordingly. However, as described below, the complaint must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

### B. Complaint

Plaintiff does not state a claim on which relief may be granted because he appears to challenge a family court determination. Federal courts, including this Court, are prohibited from "review[ing] final judgments of a state court in judicial proceedings." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482

(1983). This rule is known as the *Rooker-Feldman* doctrine. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *Feldman*, 460 U.S. 462). "*Rooker-Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Id.* District courts must also refuse to hear cases where "the parties do not directly contest the merits of a state court decision" but the "'claims raised in the federal court action are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules.'" *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)). *Rooker-Feldman* is a narrow doctrine, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005), but it is also "a powerful doctrine that prevents federal courts from second-guessing state court decisions." *Bianchi*, 334 F.3d at 898.

Although plaintiff alleges that he "does not challenge judicial decision-making or seek appellate review of state rulings," Compl. 8, the complaint seems to do just that. By all appearances, all of plaintiff's claims seek to challenge a child custody proceeding in Washington County Circuit Court Case No. 25DR00133. *Id.* at 2; *see id.* at 3 (describing plaintiff's appearance in Washington County Circuit Court); *see also id.* at 5 (challenging "emergency state enforcement"). This Court does not have jurisdiction to hear that challenge. *See Moore v. County of Butte*, 547 F. App'x 826, 829 (9th Cir. 2013) (finding that claims challenging the outcome of a child custody case were properly dismissed); *see also Bianchi*, 334 F.3d at 900 ("Stated plainly, *Rooker-Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims." (citation and quotation marks omitted)).

To the extent that plaintiff challenges ongoing state court proceedings, that challenge is barred by *Younger* abstention. *See Younger v. Harris*, 401 U.S. 37 (1971). "*Younger* abstention applies to actions

seeking to enjoin pending state administrative proceedings (as well as state court proceedings) if an important state interest is involved." *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003). "Child support and custody proceedings implicate such important state interests that, even independent of *Younger*, federal courts are generally prohibited from interfering." *Nixon v. Div. of Child Support*, No. 3:25-cv-01969-AN, 2025 WL 3466355, at *3 (D. Or. Dec. 2, 2025) (cleaned up) (quoting *Lakhouiri v. Wolke*, No. 1:24-cv-1305-CL, 2024 WL 3791479, at *1 (D. Or. Aug. 13, 2024)). Accordingly, plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.

**C. Temporary Restraining Order**

Plaintiff's motion for TRO is also denied with leave to renew. "'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter*, 555 U.S. at 20). For the same reasons that plaintiff has not stated a viable claim, he has also not demonstrated a likelihood of success on the merits. As to the other factors, plaintiff states that he will face "[l]oss of parenting time, interference with familial relationships, and exposure to repeated emergency or ex parte actions"; that defendants will "suffer no cognizable prejudice" from the requested relief; and that "[t]he public interest strongly favors protection of constitutional rights, integrity of court procedures, and prevention of non-judicial procedural shortcuts that undermine due process and child welfare." Mot. for TRO 2-3. Those conclusory statements are insufficient to show that a TRO is warranted at this time.

Furthermore, plaintiff has not met the procedural requirements for requesting a TRO without notice, i.e., ex parte. Plaintiff's motion for TRO does not include either a certificate of service or a showing of efforts made to give notice and the reasons that notice should not be required in this case. Plaintiff does not indicate that he is unable to contact defendants, particularly the named defendant Tiffany Davidson, such that he could not provide notice. And plaintiff has not alleged that defendants would take any steps to frustrate the purpose of this action if given notice. In light of the deficiencies described thus far, the Court is unwilling to make the series of assumptions that would be necessary to reach the merits of the ex

parte relief that plaintiff seeks. As such, plaintiff's motion for TRO is denied.

**D. Leave to Amend**

Although plaintiff has not stated a sufficient claim at this time, it does not appear that it would be impossible for plaintiff to correct many of the identified deficiencies on amendment. Plaintiff is therefore granted leave to amend. If plaintiff chooses to file an amended complaint, he is advised to first review the District of Oregon's website, which contains a webpage titled "Information about Representing Yourself in Court" and which is available to the public at https://ord.uscourts.gov/index.php/representing-yourself/information-about-representing-yourself.

Plaintiff is also cautioned that, as a pro se litigant, he may not bring any claims on behalf of his children in the amended complaint. Self-represented litigants may not bring claims on behalf of other people, even their own children. *See Johns v. County of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." (citation and quotation marks omitted)). Plaintiff may not reallege claims on behalf of his minor children in an amended complaint unless he retains counsel.

**CONCLUSION**

For the reasons stated herein, the Count GRANTS plaintiff's application to proceed in forma pauperis. The Court DISMISSES plaintiff's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e), with leave to amend. Plaintiff's motion for a temporary restraining order is DENIED with leave to renew. Any amended complaint must be filed by March 13, 2026. Plaintiff may also choose to renew his TRO motion or file a new TRO motion alongside any amended complaint.

IT IS SO ORDERED.

DATED this 13th day of February, 2026.

Adrienne Nelson
United States District Judge