IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ZACHERY LEE ANDERSON,<br><br>      Plaintiff,<br>  v.<br><br>TIFFANY DAVIDSON; TIFFANY D. WALKER-BARKMAN; and MARIN L. DAREE,<br><br>      Defendants. | Case No.: 3:26-cv-00292-AN<br><br>OPINION AND ORDER |

      Plaintiff Zachery Lee Anderson, who is self-represented and thus proceeding pro se, filed a first amended complaint, a motion for a preliminary injunction, and several supporting documents. The amended complaint addresses many of the deficiencies identified by the Court's prior opinion and order dismissing plaintiff's original complaint and denying his motion for a temporary restraining order ("TRO"). However, for the reasons described below, the amended complaint does not state a claim on which relief may be granted. The amended complaint is therefore dismissed, and the motion for a preliminary injunction is denied. Dismissal is with prejudice and without leave to amend.

## LEGAL STANDARDS

### A.    In Forma Pauperis and Pro Se Pleadings

      District courts are authorized by statute to permit a party to commence litigation "without prepayment of fees or security therefor," i.e., "in forma pauperis" ("IFP"), if that party submits an affidavit showing that, in light of their assets, they are "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Section 1915 "applies to all persons notwithstanding its" references to incarcerated litigants. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 n.1 (9th Cir. 2007) (citing *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)).

      In addition to permitting litigants to proceed without paying filing fees, Section 1915 also requires

a court to dismiss a complaint on its own accord, even before service of process, if it determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). A complaint is frivolous "where it lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), meaning it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). When this standard is not met, "section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez*, 203 F.3d at 1127. Additionally, a court must dismiss a complaint on immunity grounds once it has "sufficient information to make a determination" that a defendant is entitled to absolute or qualified immunity. *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016).

In determining whether a pro se complaint lacks merit, courts must use "less stringent standards than" those used for "formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Further, "[u]nless it is absolutely clear that no amendment can cure the defect," an unrepresented litigant proceeding IFP is "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

**B.     Preliminary Injunctions**

A preliminarily injunction is an "extraordinary remedy that may only be awarded upon a clear showing that plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Generally, a party seeking a preliminary injunction must show (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of

equities tips in the favor of the party; and (4) an injunction is in the public interest. *Id.* at 20-22. In the Ninth Circuit, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Federal Rule of Civil Procedure 65 provides that a court "may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

## BACKGROUND

On February 13, 2026, plaintiff filed a civil rights complaint against defendants Tiffany Davidson and John Doe Court Staff 1-5, Compl., ECF 1, as well as an IFP application, ECF 2, and a motion for TRO and preliminary injunction, ECF 3. The same day, the Court issued an opinion and order granting plaintiff's IFP application, dismissing plaintiff's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e), and denying the motion for TRO. Op. & Order of February 13, 2026, ECF 6. Specifically, the Court found that plaintiff's initial complaint challenged a family court determination made in the underlying action. Op. & Order of February 13, 2026, at 5. Because federal courts are prohibited from reviewing state court judgments under the *Rooker-Feldman* doctrine, the Court dismissed the initial complaint pursuant to Section 1915. *Id.* at 6. To the extent that the initial complaint challenged ongoing state court proceedings, the Court also found that those challenges were barred by *Younger* abstention. *Id.* at 6-7. The Court also provided that, as a self-represented litigant, plaintiff could only bring claims on his own behalf. *Id.* at 8. The Court granted plaintiff leave to amend the complaint and to renew the motion for TRO.

On February 17, 2026, plaintiff filed a first amended complaint, ECF 7. Plaintiff also filed a motion for preliminary injunction, ECF 8, and three supporting documents: a collection of exhibits and an evidentiary timeline, ECF 9; a declaration of Lashaiyha Ammons, ECF 10; and a declaration by plaintiff, ECF 11. The amended complaint names three defendants: Tiffany Davidson, an attorney who acted as a court-appointed "best interest" advocate in Washington County Circuit Case No. 25DR00133 (the "underlying case"); Tiffany D. Walker-Barkman, judicial assistant to Judge Maalik M. Summer of the Washington County Circuit Court (the "Circuit Court"); and Marin L. Daraee, the courtroom clerk for Judge

Summer. 1st Am. Compl. 1-2. Against these defendants, plaintiff pleads three causes of action under 42 U.S.C. § 1983: violation of procedural due process, denial of access to courts, and joint action under color of law. *Id.* at 7-8. Plaintiff seeks declaratory and injunctive relief; nominal, compensatory, and punitive damages; and costs. *Id.* at 9.

Plaintiff's allegations in the first amended complaint appear to revolve around an emergency queue used in the underlying case. Plaintiff alleges the following series of events: On February 2, 2026, at 9:43 a.m., Davidson emailed the Circuit Court to ask whether a proposed judgment had been signed, even though Davidson "lacked authority to invoke administrative queue routing, emergency priority handling, or accelerated processing." *Id.* at 4. Walker-Barkman responded six minutes later stating that the judgment was "in [the judge's] queue" and offering to "route it to his emergency queue." *Id.* At 10:41 a.m., Daraee emailed Davidson attaching a copy of the signed judgment. *Id.* The motion for preliminary injunction is based on the same allegations. *See* Pl. Mot. for Prelim. Inj. 2.

## DISCUSSION

Plaintiff has diligently addressed the deficiencies identified in the Court's prior order. The amended complaint excludes allegations regarding the substance and outcome of the underlying case. The amended complaint also excludes claims brought on behalf of plaintiff's children. However, the amended complaint must nonetheless also be dismissed under Section 1915 because it "seeks monetary relief against a defendant who is immune from such relief" and therefore fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(iii).

All defendants are entitled to quasi-judicial immunity in this action. Judicial immunity is a "sweeping form of immunity" that bars all claims for monetary relief brought against judges for actions taken in their judicial capacity. *Forrester v. White*, 484 U.S. 219, 225 (1988). This immunity "is not reserved solely for judges, but extends to nonjudicial officers for all claims relating to the exercise of judicial functions." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (citation and quotation marks omitted). Extension of this immunity to "performing functions that are judicial in nature, or who have a sufficiently close nexus to the adjudicative process," is called "quasi-judicial immunity." *Id.* at 948. Although purely

4

ministerial acts are not covered, quasi-judicial immunity does extend to "acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function." *Id*. at 952.  To determine whether an act "is judicial in nature, a court must focus on the 'ultimate act,'" such as scheduling a hearing or entering a judgment, "rather than the constituent parts of the act." *Id.* (quoting *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986)).

Here, all defendants have a close nexus to the administrative process.  First, Davidson is a court-appointed advocate.  Court-appointed advocates, or guardians ad litem, are entitled to quasi-judicial immunity for "claims related to their conduct within the judicial process." *Sigal v. Cnty. of Los Angeles*, No. 2:17-cv-04851-RGK-AGR, 2017 WL 10560636, at *3 (C.D. Cal. Nov. 15, 2017); *see also Safouane v. Fleck*, 226 F. App'x 753, 762 (9th Cir. 2007).  Second, Walker-Barkman is a judicial assistant.  Judicial assistants are also entitled to immunity for actions that are judicial in nature. *See Rein v. Nw. Mortg. Grp., Inc.*, 668 F. App'x 209, 210 (9th Cir. 2016) ("The district court properly granted summary judgment for defendants Washington Superior Court Judge Robert Lewis and his judicial assistant . . . because they are entitled to absolute judicial immunity."); *see also Acres Bonusing, Inc v. Marston*, 17 F.4th 901, 916 (9th Cir. 2021) (finding absolute immunity to apply to those "functioning as [the judge's] law clerks").  Lastly, Daraee is a courtroom clerk.  Clerks are entitled to quasi-judicial immunity for actions taken as "integral part[s] of the judicial process." *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (finding that the handling of filings is integral to the judicial process).

All of the actions defendants are alleged to have taken are "part of the judicial function." *Castillo*, 297 F.3d at 952.  Plaintiff challenges defendants' handling of a judgment through an emergency queue.  Handling judgments is a quintessential judicial function. *See id.* at 953 (holding that "controlling and managing [a] docket" are judicial functions).  And the choice to pursue an expedited route "involve[s] the exercise of discretion in resolving disputes." *Id.* at 948.  All of the challenged actions concern the discretion to manage a docket and thus fall within the protection of quasi-judicial immunity.  Accordingly, all defendants are immune for purposes of monetary relief and all claims seeking monetary relief must be dismissed.

In addition to plaintiff's claims for monetary relief, plaintiff also brings claims for declaratory and injunctive relief. While those claims may not be barred by judicial immunity, *see Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), they are separately barred by *Younger* abstention. As the Court previously explained, *Younger* abstention bars actions seeking to enjoin state proceedings that involve important state interests, including child custody proceedings. Op. & Order of February 13, 2026, at 6-7 (citations omitted). Were the Court to rule in plaintiff's favor, it would be directly interfering with the underlying action. *See Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004). This is exactly what *Younger* abstention prohibits. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 431 (1982); *see also H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (finding that the plaintiff's claim seeking "an order requiring procedural due process to be observed in the future course of the litigation" in a state custody proceeding was "precisely the type of case suited to *Younger* abstention"). Federal courts may not intervene in ongoing state court proceedings, including the underlying action here. Additionally, the allegations do not show extraordinary acts of "bad faith, harassment, or any other unusual circumstance" warranting an exemption from *Younger* abstention. *Younger v. Harris*, 401 U.S. 37, 54 (1971). All plaintiff's claims seeking declaratory and injunctive relief must therefore be dismissed as well.

Immunity and *Younger* abstention bar all of plaintiff's claims. The Court has previously granted plaintiff leave to amend and, despite addressing the identified deficiencies in the original complaint, the amended complaint still fails to state a claim upon which relief may be granted. The Court does not see any way that plaintiff could amend his claims to avoid the immunity and *Younger* abstention bars. Accordingly, the amended complaint is dismissed with prejudice and without leave to amend. Plaintiff's motion for a preliminary injunction is denied accordingly.

## CONCLUSION

For the reasons stated herein, the Court DISMISSES plaintiff's first amended complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e). Dismissal is with prejudice and without leave to amend. Plaintiff's motion for a preliminary injunction is DENIED.

IT IS SO ORDERED.

DATED this 23rd day of February, 2026.

*Adrienne Nelson*
Adrienne Nelson
United States District Judge